6975

### BOLEN v. SEABOARD AIR LINE RY.

CARRIER—FREIGHT—PENALTY.—Under the evidence in this case under claim filed for damages to five sacks of rice, explained to agent at time of filing to be damage to three sacks in lot of five, upon proof of damage to three sacks and recovery for full amount of claim, plaintiff entitled to recover penalty.

Before KLUGH, J., Orangeburg, October term, 1907. Affirmed.

Action by T. J. Bolen against Seaboard Air Line Railway. From order on circuit, affirming judgment of magistrate C. P. Brunson, defendant appeals.

*Messrs. Moss & Lide,* for appellant, cite: *Penal statute must be strictly construed, and unless recovery is had on amount and items in claim penalty will not be allowed:* 26

S. C., 294; 73 S. C., 36, 71, 542; 72 S. C., 483; 71 S. C., 273.

*Messrs. Wolf & Berry,* contra. .

July 25, 1908.  The opinion of the Court was delivered by

MR. JUSTICE GARY.  This action was commenced in a magistrate's court.

The complaint alleges that the defendant was indebted to the plaintiff "in the sum of sixty-one and 68-100 dollars, on account of damage done to five sacks of rice, saturated and spoiled with kerosene oil, to the amount of eleven and 68-100 dollars, and on account of fifty dollars penalty, for not adjusting the claim within forty days, as required and provided by law."

The defendant, by way of answer, interposed a general denial.

The sole question is whether the plaintiff, under the testimony, was entitled to recover the penalty of fifty dollars.

The two exhibits, hereinafter mentioned in the testimony, are as follows:

*"Exhibit 'A.'*

"Neeces, S. C., February 4, 1907.

"S. A. L. Rwy. Co.   .

"To T. J. Bolen.

"To 5 sacks rice, damaged, $11.68.

"Saturated with K. Oil."

*"Exhibit 'B.'*

"Neeces, S. C., February 4, 1907.

"S. A. L. Rwy. Co.

"To T. J. Bolen.

"To 3 sacks rice, damaged, $11.68.

"Saturated with kerosene."

The following was the testimony upon which the judgment was rendered:

"W. B. Bolen, who being duly sworn, says: I reside in town of Neeces, S. C. Plaintiff in the case is my father; he is a merchant of Neeces, S. C. I manage the business for him. During last February, 1907, plaintiff received a shipment rice from Columbia, S. C., by defendant company. The rice cost $16.68. The rice was saturated with kerosene oil. B. A. Hughes is agent at Neeces, S. C., of defendant company. I called his attention to condition when it was delivered. I told defendant's agent I would sell the rice for what I could get for it and claim the difference. Agent said, 'Go ahead.' I got $5.00, leaving $11.68. I put claim in to agent, B. A. Hughes. I have a copy of claim here (exhibited). I put claim in about 4th February, 1907, for $11.68. It has never been paid."

Paper marked "Exhibit A" introduced in evidence.

"I made a mistake; the rice cost $16.68. There were five scaks rice in shipment, weighing 500 pounds; that so billed. I sold three to one party and two to one. Sold two sacks for freight charges. Two sacks had so much oil you could mash like mud. The other three were not so bad. The two worse sacks were worth about 40 cents each. Freight charges amounted about 80 cents. The rice all cost same (all the sacks); each weighed about 100 pounds per sack. I filed claim, but agent did not settle the claim. He always sends claims to officials. The loss on entire lot of five sacks, $11.68. Paper marked 'Exhibit B' is the original claim introduced in evidence. The words 'saturated with oil' were put there at suggestion of agent, when I filed claim, is why it is in different ink. I was damaged $11.68. I made a mistake in putting down three sacks instead of five in the bill, put in with agent of company; $11.68 was lost on whole lot of rice."

If the plaintiff had simply filed a claim for damages to three sacks of rice, and upon the trial it was shown by the testimony that the amount claimed was for damage to five sacks, it might have been successfully contended that there was a fatal variance between the claim and the proof.

But the plaintiff testified, without contradiction, as follows: "I called his (the agent's) attention to condition when it was delivered. I told defendant's agent I would sell the rice for what I could get for it and claim the difference. Agent said, 'Go ahead.' I got $5.00, leaving $11.68."

The defendant had knowledge, through its agent, that the $11.68 mentioned in the claim was for damages to all the sacks. Therefore, the number of sacks mentioned in the claim, under the circumstances, was immaterial.

If the plaintiff had afterwards brought an action for damages to the other two sacks, the defendant could have defeated his claim, on the ground that the $11.68, *under the agreement,* represented the damage to all the sacks.

There is not a particle of testimony tending to show that the defendant was misled, or that it did not suppose that the amount claimed was for the damage to all the sacks.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.